# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X
BETTY-JEAN FORRY,                                                    **SUMMONS**

                        Plaintiff,              **Index No.:**

  - against -
                                                            **Date Filed:**

TARGET CORPORATION,

                       Defendants,
-----------------------------------------------------------------X
TO THE ABOVE NAMED DEFENDANT(s):

       ***YOU ARE HEREBY SUMMONED*** to appear in this action by serving a notice of appearance on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

       The basis of the venue designated is plaintiff's place of residence

Dated: Garden City, New York
       February 18, 2020

                                                                 Your, etc.

                                                                 Decolator, Cohen & DiPrisco, LLP

                                                                 By: Dominic DiPrisco, Esq.
                                                                Attorneys for Plaintiff
                                                               1399 Franklin Avenue, Suite 300
                                                               Garden City, New York 11530
                                                               (516) 742-6575

DEFENDANT'S ADDRESS:

TARGET CORPORATION                              TARGET CORPORATION
1149 Sunrise Highway                                    c/o Secretary of State
Copiague, New York 11726                             Albany, New York

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------------X
BETTY-JEAN FORRY,

                               Plaintiff,

-against-

TARGET CORPORATION,

                               Defendant.
---------------------------------------------------------------X

**Index No.:**

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys Decolator, Cohen & DiPrisco, LLP, for her Verified Complaint, respectfully alleges, upon information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

1. At all times hereinafter mentioned, plaintiff was and still is a resident of the County of Nassau, State of New York.

2. Upon information and belief, defendant, TARGET CORPORATION, was and still is a domestic business corporation, duly organized and existing under and by virtue of the laws of the State of New York.

3. Upon information and belief, defendant, TARGET CORPORATION, was and still is a foreign business corporation, duly organized and existing under and by virtue of the laws one of the states of the United States of America and was and still is duly authorized to do business in the State of New York.

4. Upon information and belief, at all times hereinafter mentioned the defendant, TARGET CORPORATION, did and/or transacted business in the State of New York and, in fact, derived a substantial portion of its income from its business activities in the State of New York.

2

5. Upon information and belief, at all times hereinafter mentioned, the defendant, TARGET CORPORATION, did business in the State of New York.

6. Upon information and belief, at all times hereinafter mentioned, defendant, TARGET CORPORATION, was the owner of the premises located at 1149 Sunrise Highway, in the County of Suffolk, State of New York, and, more specifically entrance of the store.

7. Upon information and belief, at all times hereinafter mentioned, defendant, TARGET CORPORATION, was a tenant, lessee and/or was in lawful possession of the afore-described premises.

8. That upon information and belief, at all times hereinafter mentioned, defendant, TARGET CORPORATION, its agents, servants and/or employees operated and controlled the afore-described premises.

9. Upon information and belief, at all times hereinafter mentioned, defendant, TARGET CORPORATION, its agents, servants and/or employees, maintained and managed the afore-described premises.

10. On or about March 4, 2019, the plaintiff was lawfully on, near or about the aforesaid premises of the defendant herein referred to at the expressed and/or implied invitation of the defendant.

11. Upon information and belief, at all times hereinafter mentioned, defendant, its agents, servants and/or employees, were charged with the duty of keeping the said entrance and the entire area constituting said premises in a safe and proper condition, sufficient to protect those lawfully in and about the premises and that the defendant owed such a duty to the plaintiff.

12. On or about March 4, 2019, while the plaintiff was lawfully on, near or about the entrance of the premises of the defendant, and located 1149 Sunrise Highway, Copiague and solely by reason of the carelessness and negligence of said defendant, its agents, servants and/or employees as hereinafter set forth, the plaintiff was caused to slip and/or fall, causing her to sustain serious personal injuries.

13. At the time and place aforesaid, defendant, its agents, servants and/or employees, breached the duties which they owed to the plaintiff of keeping the entrance, property and premise in the said location in a safe and proper condition sufficient to protect those lawfully in and about the premises.

14. Defendant, its agents, servants and/or employees were careless, reckless, negligent and grossly negligent in the ownership, operation, maintenance, control, supervision, management and inspection of the premises and entrance; in causing, permitting and allowing the premises and entrance to be, become and remain in an unsafe condition; in causing, permitting and allowing the ground surface at the premises and/or entrance to be covered in ice, snow and/or other slippery material; in causing, permitting and allowing the ground surface at the premises and/or entrance to be slick, wet, icy, snowy and/or slippery; in causing, permitting and allowing the plaintiff to slip and fall on the premises and entrance; in causing, permitting and allowing the premises and entrance to be slippery and icy; in failing to clear the entrance of snow and/or ice; in failing to properly, adequately or completely clear the entrance of ice and/or snow; in failing to salt and/or sand the entrance; in failing to properly, adequately or completely salt and/or sand the entrance; in failing to provide plaintiff with safe passage; in causing, permitting and allowing a trap to be and remain; in failing to abate a nuisance; in failing to keep

4

a dangerous condition from existing and being present; in failing to set up warnings, hazard signs, cones, barriers or safeguards around the dangerous, hazardous and trap like condition; in failing to give plaintiff warning or signal of the dangerous, hazardous and trap like condition; in failing to properly inspect the premises and entrance; in failing to properly assess the conditions at the premises and entrance; in failing to take steps to reduce or diminish the dangers posed to the plaintiff by the conditions of the premises and entrance; in owning, supervising, managing, maintaining, repairing, inspecting and controlling the aforementioned premises and entrance with reckless disregard for the safety of those persons reasonably expected to be and remain thereat, including the plaintiff; in failing to properly place mats/runners that cover the whole entrance; in failing to inspect and/or adequately and properly inspect the premises and entrance; in allowing and permitting these conditions to exist for an extended period of time, and when defendant knew or should have known that serious personal injury to the plaintiff would or could ensue; in failing to adequately and properly manage and maintain the premises and entrance to prevent the development of a dangerous, hazardous and trap like condition; in violating each and every law, statute, rule, regulation, code and ordinance then and there in effect and existing; in shirking their responsibility with respect to the prevention of foreseeable accidents; and in general being negligent, reckless, grossly negligent and careless. Defendant violated New York State rules and regulations and Suffolk County buildings rules and regulations, rules on means of ingress/egress with regards to maintaining, inspecting and operating the entrance of a building in a safe manner and failing to maintain the entrance in a safe manner. The Court will take judicial notice of all applicable statutes, rules, regulations and codes violated.

5

15. The defendant, its agents, servants, employees and/or subcontractors, were negligent in that they negligently and carelessly maintained their premises and caused the entrance in the area where the plaintiff became injured to be and remain in a dangerous, unsafe, and obstructed condition for an unreasonable length of time after having due notice thereof; causing, permitting and/or creating a dangerous, entrapping and negligent condition to exist, and in failing to warn members of the public of the existence of such dangers.

16. Upon information and belief, at all times hereinafter mentioned, defendant, its agents, servants, employees, and/or subcontractors, had actual and/or constructive notice of all of the foregoing defective and negligent conditions existing in the premises involved herein.

17. The injuries sustained by the plaintiff herein were sustained without any fault, want of care and/or culpable conduct on the part of the plaintiff herein but solely by virtue of the negligence and carelessness of the defendant herein.

18. Solely by reason of the foregoing, and the carelessness and the negligence of the defendant, its agents, servants, employees and/or subcontractors, the plaintiff was rendered sick, sore, lame and disabled, suffered great pain, shock and anguish, both internally and externally, and has, upon information and belief, been permanently injured.

19. As a result of the aforesaid occurrence and solely by reason of the carelessness and negligence of the defendant herein, the plaintiff became totally disabled for a period of time and verily believes that such disability will continue for some time in the future all to her further damage.

20. As a result of the aforesaid occurrence and by reason of the carelessness and negligence of the defendant herein, the plaintiff was unable to perform her usual activities and was prevented from doing so all to her further damage.

21. By reason of the carelessness and solely by reason of the negligence of the defendant herein, the plaintiff was obliged to and did necessarily pay and become liable for hospital and medical care and attention and medication and other expenses, all to her further damage.

22. This action falls within one or more of the exceptions set forth in CPLR Section 1602.

23. That, by reason of the foregoing, the plaintiff has sustained damages in an amount in excess of the maximum monetary jurisdiction of all lower courts of the State of New York.

WHEREFORE, plaintiff demands judgment against the defendant in the First Cause of Action in an amount in excess of the maximum monetary jurisdiction of all lower courts of the State of New York, together with interest, and the costs and disbursements of this action.

Dated: Garden City, New York
February 18, 2020

Yours, etc.

Decolator, Cohen & DiPrisco, LLP

By: Dominic DiPrisco, Esq.
Attorneys for Plaintiff
1399 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 742-6575

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☒ **Attorney's Affirmation** certify that the within has been compared by me with the original and found to be a true and complete copy.

state that I am the attorney(s) of record for **Plaintiff** in the within action; I have read the foregoing **Summons and Complaint** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by plaintiff is because the plaintiff resides in a county other than the one in which your deponent maintains his office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: conversations with plaintiff and office records.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Garden City, New York; February 20, 2020

Dominic DiPrisco

STATE OF NEW YORK, COUNTY OF _____ ss.:

I, the undersigned, being duly sworn, depose and say: I am

☐ **Individual Verification** in the action; I have read the foregoing _____ and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification** the _____ of _____ a _____ corporation and a party in the within action; I have read the foregoing _____ and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: _____

Sworn to before me on _____

STATE OF NEW YORK, COUNTY OF _____ ss.: (If more than one box is check—indicate after names type of service used.)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at _____

On _____ I served the within

☐ **Service By Mail** by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual** by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein*:

☐ **Service by Electronic Means** by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐ **Overnight Delivery Service** by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

Sworn to before me on _____

BETTY-JEAN FORRY,

Plaintiff,

-against-

TARGET CORPORATION,

Defendant.

---

## SUMMONS AND COMPLAINT

**DECOLATOR, COHEN, & DIPRISCO, LLP**
ATTORNEYS AT LAW
*Attorneys for*
Plaintiff
*Office and Post Office Address, Telephone*
1399 Franklin Avenue • Suite 300
GARDEN CITY, NEW YORK 11530

TEL: (516) 742-6575
FAX: (516) 742-6706

---

To  Signature (Rule 130-1.1-a)

Print name beneath
Dominic DiPrisco

Attorney(s) for

Service of a copy of the within                                          is hereby admitted.

Dated,

Attorney(s) for

---

Please take notice
☐ NOTICE OF ENTRY
   that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
   that an order                          of which the within is a true copy will be presented for
settlement to the HON.                                                    one of the judges
of the within named court, at
on                              at              M

Dated,

Yours, etc.
**DECOLATOR, COHEN, & DIPRISCO, LLP**
ATTORNEYS AT LAW
*Attorneys for*

To

*Office and Post Office Address*
1399 Franklin Avenue • Suite 300
Attorney(s) for                                                        GARDEN CITY, NEW YORK 11530

1501-DISTRIBUTED BY BlumbergExcelsior, Inc., NYC 10013

9 of 9